UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re:<br><br>GRANT ARLAN PARSONS<br>dba Sprayed Applied Services<br>SSN/ITIN xxx-xx-6558<br>Tax ID/EIN 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<br><br>and<br><br>SANDRA KAY PARSONS<br>SSN/ITIN xxx-xx-1053<br><br>Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Bankr. No. 11-30071<br>Chapter 11<br><br><br><br>DECISION RE: DENNIS C. MILLER AND DONNA R. MILLER'S MOTION FOR JUDGMENT ON THE PLEADINGS ON MOTION TO DISMISS CASE |

The matter before the Court is Dennis C. Miller and Donna R. Miller's oral motion for judgment on the pleadings regarding their Motion to Dismiss Case Pursuant to 11 U.S.C. §1112(b) and 11 U.S.C. §305(a). This is a core proceeding under 28 U.S.C. § 157(b)(2). The Court enters these findings and conclusions pursuant to Fed.Rs.Bankr.P. 7052 and 9014(c). For the reasons discussed below, the Court will grant the Millers' motion for judgment on the pleadings and will dismiss the case.

I.

Grant Arlan Parsons and Sandra Kay Parsons ("Debtors") filed a petition for relief under chapter 11 of the bankruptcy code (doc. 1). Dennis C. Miller and Donna R. Miller filed a Motion to Dismiss Case Pursuant to 11 U.S.C. §1112(b) and 11 U.S.C. §305(a) (doc. 37). According to the Millers, Debtors are in default under a June 28, 2008 lease involving a recreational vehicle, a June 30, 2010 agreement by which Debtor Grant Parsons acquired 100% of the outstanding common stock of American Sprayed Fibers, Inc. ("ASF"), and a June 30, 2010 lease involving a warehouse in Mississippi and filed bankruptcy "on the eve" of a mandatory arbitration

proceeding in Indiana.[1] Pointing to Debtors' schedules (doc. 26), the Millers argued the ASF stock is Debtors' only significant asset and they are Debtors' only significant creditors. The Millers further argued this case involves a two-party dispute that could be promptly adjudicated in the mandatory arbitration proceeding that was stayed by Debtors' bankruptcy filing. The Millers asked the Court to dismiss Debtors' case for cause under 11 U.S.C. § 1112(b)(1) because it was filed in bad faith and because there is a continuing diminishment of the estate and no reasonable likelihood of rehabilitation. Alternatively, the Millers asked the Court to abstain from exercising its jurisdiction and dismiss the case under 11 U.S.C. § 305(a).

In their response (doc. 43), Debtors first described the various dealings between the parties and identified numerous misrepresentations Mr. Miller allegedly made and numerous bad acts Mr. Miller allegedly engaged in throughout the course of those dealings. Debtors then stated their intent to ask the Court to value the Millers' claim and their belief that an accurate valuation would allow them to fund a feasible and confirmable plan. Debtors next argued the Millers had waived any claim to arbitration by bringing an action against Debtors in state court. Finally, Debtors stated there has been no diminution of the estate.

The Court held a telephonic hearing on the Millers' motion to dismiss. At that

[1] Pursuant to ¶ 7.6 of the stock purchase agreement, the parties agreed "[a]ny dispute, claim or controversy arising out of, connected with, or relating to [the stock purchase agreement] shall be resolved by binding arbitration administered and conducted under the Commercial Arbitration Rules of the American Arbitration Association." Pursuant to the same paragraph, "[a]ny arbitration hearing shall take place in Marion County, Indiana."

hearing, the Millers orally moved for judgment on the pleadings.[2] The Court set a briefing schedule, and upon receipt of the parties' briefs, the matter was taken under advisement.

II.

In considering a motion for judgment on the pleadings, the Court must "accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant." *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004) (citing *Franklin High Yield Tax-Free Income Fund v. County of Martin*, 152 F.3d 736, 738 (8th Cir. 1998) (citing *Lion Oil Co. v. Tosco Corp.*, 90 F.3d 268, 270 (8th Cir. 1996))). The Court may grant the motion "'only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law.'" *Waldron*, 388 F.3d at 593 (quoting *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001) (citing *Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 428 (8th Cir. 1993))).

The Court may dismiss a chapter 11 case for cause. 11 U.S.C. § 1112(b)(1). Cause includes "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

The Court may also dismiss a case if "the interests of creditors and the debtor would be better served by such dismissal[.]" 11 U.S.C. § 305(a)(1). *See Schwartz v. Kujawa* (*In re Kujawa*), 270 F.3d 578, 581 (8th Cir. 2001) (§ 305(a) authorizes a bankruptcy court to abstain from exercising its jurisdiction over a particular case

---

[2] Pursuant to Bankr. D.S.D. R. 9014-3(b), Fed.R.Civ.P. 12(c) ("Motion for Judgment on the Pleadings") applies in contested matters.

"when so doing better serves the interests of creditors and the debtor."). Abstention under § 305(a) is "an extraordinary power that should be used only in extraordinary circumstances." *Pennino v. Evergreen Presbyterian Ministries* (*In re Pennino*), 299 B.R. 536, 538 (B.A.P. 8th Cir. 2003). The factors a court should consider in deciding whether to abstain include:

> (1) whether the case is a two-party dispute, (2) the economy and efficiency of administration; (3) the availability of another case or forum to protect the interests of the parties; (4) alternative means of achieving equitable distribution of assets, and (5) the purpose for which bankruptcy jurisdiction has been sought.

*Id*. at 539.

III.

In this case, accepting all facts pled by Debtors as true and drawing all reasonable inferences from those facts in Debtors' favor, the Court concludes the Millers are not entitled to judgment on the pleadings with respect to their request for dismissal of the case under § 1112(b)(1). Debtors specifically denied the Millers' claim that there is a continuing diminishment of the estate and at least implicitly denied the Millers' claim that Debtors' case was filed in bad faith. Such material issues of fact preclude the Court from granting judgment on the pleadings with respect to the Millers' request for dismissal under § 1112(b)(1).[3]

The Court concludes otherwise, however, with respect to the Millers' request for relief under § 305(a). Accepting as true everything Debtors alleged leads only to the conclusion that Debtors may prevail in their dispute with the Millers. It does not

[3] The Court does not reach the question of whether Debtors' allegations that Mr. Miller's intentional misrepresentations regarding the value and sale of ASF constitute an "unusual circumstance" under § 1112(b)(2) precluding dismissal of the case under § 1112(b)(1).

lead to the conclusion that allowing Debtors to remain in bankruptcy will better serve the interests of the Millers, Debtors' other creditors,[4] or Debtors themselves. This case presents only a two-party dispute between the Millers and Debtors: neither Debtors nor the record even suggests otherwise.[5] The Court is not the parties' only available forum, and it cannot offer any economy or efficiency over another appropriate nonbankruptcy forum. No bankruptcy law issues are presented, and the record does not disclose any creditors that would benefit from Debtors remaining in chapter 11. In fact, the record does not even show Debtors themselves will benefit from a confirmed plan when the only financial hurdle they claim to face is resolving their dispute with the Millers. Instead, the record shows the only purposes served by this bankruptcy case are delay and perhaps forum shopping, neither of which furthers the chapter 11 purpose of financial rehabilitation. *See Loop Corp. v. United States Trustee*, 379 F.3d 511, 516 (8th Cir. 2004). If Debtors need financial rehabilitation after their dispute with the Millers is resolved, that would be the appropriate time to file a new chapter 11 petition.

---

[4] The deadline to file proofs of claim expired February 27, 2012. Only three creditors timely filed proofs of claim: TD Auto Finance LLC says it holds a claim for $8,681.45 fully secured by a 2008 Dodge Ram 1500; Wells Fargo Dealer Services says it holds a claim for $23,835.94 fully secured by a 2006 GMC Denali; and the Internal Revenue Service says it holds an unsecured priority claim for $18,890.91 for income taxes and a related penalty. No unsecured nonpriority creditor timely filed a proof of claim.

[5] According to Debtors' schedules and statements (doc. 26): Debtors do not own any real property; their personal property consists of the stock in ASF, typical household goods, a mobile home, some vehicles and trailers, the recreational vehicle, and some limited business-related items; their only secured creditors are the Millers, TD Auto Finance, and Wells Fargo Auto Finance; their only unsecured priority creditor is the Internal Revenue Service; and two of their three unsecured nonpriority creditors appear to be related to Debtors. No one other than the Millers appears to have taken an active interest in the case.

The Court will grant the Millers' oral motion for judgment on the pleadings and dismiss this case. An appropriate order will be entered.[6]

Dated: April 18, 2012.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

[6] Debtors argued in their brief they are entitled to a hearing before their case is dismissed. However, Debtors did not identify any evidence they would offer that would alter or otherwise impact the findings and conclusions herein under § 305(a) or even demonstrate how additional "breathing room" would help them or the Millers resolve their dispute. The very purpose of a motion for judgment on the pleadings is to avoid a hearing under such circumstances.